IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN A. KING, D.O. and
JOHN A. KING, LLC,

    Plaintiffs,

v.                                    Civil Action No. 5:09CV80
                                                    (STAMP)
ERNEST MILLER, D.O.,
THOMAS L. GILLIGAN, D.O.,
CHERYL D. SCHREIBER,
RALPH WILLIAMS,
ATTORNEY DOREN BURRELL and
WEST VIRGINIA BOARD OF OSTEOPATHY,
jointly and severally,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF JOHN A. KING LLC'S MOTION TO DISMISS
AND GRANTING DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

I. Procedural History

The plaintiffs filed a pro se[1] complaint against the defendants alleging deprivation of federal constitutional rights under West Virginia state law, gross negligence per se, intentional infliction of emotional distress, tortious interference with contractual relationships, defamation per se, fraud, deceit, and misrepresentation, and civil conspiracy. The defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. The plaintiffs filed a response to which the defendants replied. Plaintiff John A. King, LLC also filed a motion to

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

dismiss itself as a plaintiff in this action, to which the defendants responded, and the plaintiffs did not reply.

This Court has carefully reviewed the parties' motions and related memoranda, and because the plaintiffs are pro se, this Court has liberally construed the plaintiffs' pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers). After considering the briefs submitted by the parties, and the applicable law, this Court finds, for the reasons that follow, that plaintiff John A. King, LLC's motion to dismiss is granted, and the defendants' motion to dismiss or, in the alternative, motion for summary judgment is granted.

## II. Facts

This action arises out of the voluntary surrender of plaintiff Dr. John A. King's ("King") medical license. King was granted permanent staff privileges for orthopedic surgery at Putnam General Hospital ("Putnam General") on February 6, 2003. On or about May 21, 2003, the West Virginia Board of Osteopathy (the "Osteopathic Board") received a complaint from one of King's former patients, charging him with unethical and unprofessional conduct. Accordingly, on May 22, 2003, the Osteopathic Board opened an investigation, provided King with a copy of the complaint, and requested that he respond to the allegations, to which King complied.

King's clinical privileges at Putnam General were suspended indefinitely on June 5, 2003. At King's request, however, Putnam General conducted a Fair Hearing regarding King's suspension on July 2, 2003. Thereafter, on July 17, 2003, Putnam General filed an Adverse Action Report with the National Practitioner Data Bank ("NPDB"), reporting that King's privileges had been indefinitely suspended. The next day, however, Putnam General filed another Adverse Action Report with the NPDB, indicating that although King's privileges in regard to spin procedures remained suspended indefinitely, his clinical privileges had been conditionally reinstated. The Osteopathic Board received notice of King's suspension from Putnam General on or about August 14, 2003.

On August 22, 2003, the Osteopathic Board received a letter from King which stated, in its entirety, "I wish to cancel my license to practice medicine effective 9-1-2003." On September 22, 2003, the Osteopathic Board subsequently reported this to the NPDB and the Healthcare Integrity and Protection Data Bank ("HIPDB") under Adverse Classification Code 1145, which signifies a voluntary surrender of a medical license. Around that time, the Osteopathic Board also reported King's surrender of his license to the Federation of State Medical Boards of the United States ("FSMB"). King's request to cancel his license was accepted by the Osteopathic Board on November 7, 2003.

On February 27, 2004, the Osteopathic Board issued an order cancelling King's license and sent a copy of this order to King via

certified mail. King, through counsel, however, objected to the words "revoke" and "rescind" in the order, and requested that the Osteopathic Board issue an amended order clarifying that King voluntarily surrendered his license. An amended order was issued on May 14, 2004, making such clarification. This amended order was both faxed and sent by certified mail to King's attorney on May 27, 2004, and June 21, 2004, respectively. On June 22, 2004, the Osteopathic Board forwarded copies of both the order and amended order to the FSMB.

On August 27, 2004, the Osteopathic Board received a letter, dated August 23, 2004, from King, which stated the following:

> WHY SHOULD THE VOLUNTARY CANCELLATION OF MY LICENSE ON 9/1/03 BE CAUSE FOR AN ADVERSE ACTION ON 9/22/03 – AFTER I HAD CANCELLED MY LICENSE ON 9/1/03???? HOW COULD THE BOARD REPORT ME TO THE NPDB AFTER I CANCELLED MY LICENSE? AGAIN, THE BOARD ADMITS THAT IT HAD NOT INITIATED ANY DISIPLINARY [sic] PROCEEDINGS, UPON WHICH IT COULD REMOVE MY LICENSE. On 9/22/2003, the WV Board of Osteopathy entered an Adverse Action Report for Requested Cancellation of License effective September 1, 2003. Type of Action: State Licensure. Yet on, on 5/14/2004 the Board amended its Order of Revocation of 2/27/2004 and recognized that I voluntarily surrendered and cancelled my license on Sept. 1, 2003. The Board further noted that it had not, at that time, initiated any disciplinary proceeding, upon which said license might be revoked and that the request to cancel the license was of my own volition.
>
> I'm requesting a Void of the original NPDB report DCN # 550000031033165.

Additionally, on September 15, 2004, King requested a Secretarial Review from the United States Department of Health and Human Services, Practitioner Data Bank Branch, of the Osteopathic Board's NPDB Adverse Action Report from September 22, 2003. The

4

Secretarial Review Board wrote King a letter on March 9, 2005, denying his dispute of the Osteopathic Board's Adverse Action Report and explaining that the Osteopathic Board's reporting of his voluntary cancellation of his license was a reportable event under HIPDB and NPDB guidelines.[2]

One of King's counsel requested an evidentiary hearing before the Osteopathic Board so that King could challenge the factual basis of the NPDB report on July 17, 2006. King's counsel was provided with the mechanism for scheduling by a letter dated August 10, 2006. A hearing was eventually scheduled for December 11, 2006. King, however, withdrew his request for a hearing when the Osteopathic Board agreed to honor King's request and provide a letter clarifying the events surrounding the issuance of the original and amended orders concerning his voluntary surrender of his medical license. Thus, on December 12, 2006, the Osteopathic Board again issued a letter explaining the circumstances of these orders.

On April 30, 2007, CAMC Teays Valley Hospital, formerly Putnam General, completed a Fair Hearing and reinstated King's orthopedic privileges. On February 22, 2008, King, represented by counsel, filed suit against members and employees of the Osteopathic Board. King, however, voluntarily dismissed that action by a stipulation of dismissal on July 17, 2008. The plaintiffs filed the above-

---

[2]In February of 2005, the Osteopathic Board also completed its probable cause investigation into the complaint filed against King by his former patient and found "probable cause" for the complaint.

styled civil action on July 15, 2009, seeking redress for the actions surrounding the surrendering of his medical license and the reporting of this as an Adverse Action to the NPDB.

### III. Applicable Law

A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of

material fact.  Id. § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances.  Rogers, 883 F.2d at 325.  A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'"  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The facts alleged must be sufficient "to raise a right to relief about the speculative level."  Twombly, 550 U.S. at 555.

B. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come

forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; <u>see also</u> <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient

opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 812 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

### A. Plaintiff John A. King, LLC's Motion to Dismiss

Plaintiff John A. King, LLC filed a motion to dismiss itself as a party to this civil action. The defendants filed a response indicating that they do not oppose the dismissal of John A. King, LLC. Accordingly, the plaintiff John A. King's LLC.'s motion to dismiss is granted, and the claims asserted by John A. King, LLC are dismissed.[3]

### B. Defendants' Motion to Dismiss

The defendants advance several arguments in support of their motion. First, they allege that the complaint should be dismissed in its entirety because all claims, filed on July 15, 2009, are time-barred by the applicable statute of limitations. Next, the defendants argue that because King voluntarily dismissed a previous complaint in 2008, the West Virginia Savings Statute, W. Va. Code § 55-2-18, does not apply to preserve this action. Third, the defendants contend that they are immune from the plaintiff's claim

---

[3]This memorandum opinion and order will address the defendants' motion to dismiss as it refers to the plaintiff, John A. King, as an individual.

9

under the Federal Health Care Quality Improvement Act, 42 U.S.C. § 11101 et seq. Finally, the defendants argue that King was not deprived of due process of law.

In his response, King disputes the date that the statute of limitations began to run, and contends that his claims are not time-barred by the applicable statute of limitations.

As an initial matter, this Court discusses the defendants styling their motion as a motion to dismiss or, in the alternative, motion for summary judgment. A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). See Laughlin v. Metro., Washington Airports Auth., 149 F.3d 253, 260-261 (4th Cir. 1998). However, all parties must be given notice when a court is treating a Rule 12(b)(6) motion as a motion for summary judgment. Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). Moreover, "[o]nce notified, a party must be afforded 'a reasonable opportunity for discovery' before a Rule 12(b)6) motion may be converted and summary judgment granted." Id. (quoting Johnson v. RAC Corp., 491 F.2d 510, 515 (4th Cir. 1974)).

In this action, the defendants have styled their motion to dismiss, in the alternative, as a motion for summary judgment and attached several documents to their pleading. King seems to be aware that matters outside the pleadings were submitted to the Court in connection with the motion by the defendants because he,

too, attached documents to his response. Nevertheless, the plaintiff, proceeding pro se, may not have been aware that the motion to dismiss could be converted to a motion for summary judgment. Additionally, because no scheduling order has yet been entered in this case, there has been no "reasonable opportunity for discovery," as required by Gay. This Court therefore excludes from consideration the extrinsic documents submitted by the parties and declines to convert the motion to dismiss into a motion for summary judgment. Accordingly, the motion to dismiss will be considered under the Rule 12(b)(6) standard of review.

After a thorough review of the record, this Court must grant the defendants' motion because the plaintiff's actions are barred by the statute of limitations. The plaintiff's causes of action are for deprivation of federal constitutional rights under West Virginia state law, gross negligence per se, intentional infliction of emotional distress, tortious interference with contractual relationships, defamation per se, fraud, deceit, and misrepresentation, and civil conspiracy. "An action for defamation is subject to a one-year statute of limitations." Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n, 438 S.E.2d 6, 13 (W. Va. 1993). The statute of limitations for the plaintiff's remaining claims under West Virginia law is two years. W. Va. Code § 55-2-12. See also CSX Transp. Inc. v. Gilkison, 2008 WL 925550, at *2 (N.D. W. Va. 2008) ("[The] civil conspiracy claim is governed by the two-year 'catch-all' statute of limitations found in West

Virginia Code § 55-2-12."); Roberts v. Wood County Comm'n, 782 F. Supp. 45, 46 (S.D. W. Va. 1992) ("In West Virginia, the statute of limitations for a § 1983 civil rights action is two years."); Trafalgar House Const., Inc. v. ZMM, Inc., 567 S.E.2d 294, 299 (W. Va. 2002) ("Under West Virginia law, claims in tort for negligence . . . are governed by a two-year statute of limitation."); Courtney v. Courtney, Syl. Pt. 5, in part, 437 S.E.2d 436, 437 (W. Va. 1993) ("A claim for severe emotional distress arising out of a defendant's tortious conduct is a personal injury claim and is governed by a two-year statute of limitations under W. Va. Code, 55-2-12(b) (1959)."); Garrison, Syl. Pt. 6, 438 S.E.2d at 13 ("[T]he two-year statute of limitations governing actions for damage to property . . . applies to an action for tortious interference with business relationships."); Alpine Property Owners Ass'n, Inc. v. Mountaintop Dev. Co., 365 S.E.2d 57, 66 (W. Va. 1987) ("[T]he cause of action based on fraud and deceit is barred by the two-year limitation period . . . .").

The parties dispute the date that the applicable statute of limitations in this case began to run. The defendants argue that at the latest, the plaintiff's cause of action arose on August 23, 2004, the date that King wrote a letter to the Osteopathic Board indicating that he was aware of the Adverse Action Report submitted to the NPDB. In contrast, the plaintiff argues that the statute of limitations did not begin to run until April 30, 2007, when CAMC

Teays Valley Hospital completed the peer review process of suspension regarding King's clinical privileges.

This Court holds that whether the plaintiff's cause of action arose on August 23, 2004, as the defendants suggest, or on April 30, 2007, as the plaintiff argues, this civil action is barred by the statute of limitations. Assuming, without deciding, that the plaintiff's cause of action arose on August 23, 2004, the statute of limitations on his defamation claim expired on August 23, 2005, and ran on his remaining claims on August 23, 2006. Nevertheless, the plaintiff did not file this suit until July 15, 2009, almost five years after he was aware of the Osteopathic Board's filing of the Adverse Action Report with the NPDB, and approximately three and four years after the statute of limitations had completely run on all of his claims.

Alternatively, assuming, without deciding, that the plaintiff's actions did not accrue until April 30, 2007, the date that CAMC Teays Valley Hospital completed its peer review process, the statute of limitations on the plaintiff's defamation claim ran on April 30, 2008. Moreover, the statute of limitations on his remaining claims expired on April 30, 2009. Again, because the plaintiff did not file this cause of action until July 15, 2009, more than one year after the statute of limitations had run on his defamation claim, and almost four months after the statute of limitations had run on his other claims, these actions are time-

barred under the applicable statute of limitations periods under West Virginia law.

This Court further agrees with the defendants that the West Virginia Savings Statute, W. Va. Code. § 55-2-18, does not apply to preserve this action. That statute states, in pertinent part, the following:

> For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason not based upon the merits of the action; or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

W. Va. Code § 55-2-18(a). It is well-settled law that this statute does not apply to actions that were voluntarily dismissed. Gillespie v. Johnson, 209 S.E.2d 143, 145 (W. Va. 1974). The plaintiff's civil action filed on July 17, 2008, Civil Action No. 5:08-cv-64, was voluntary dismissed pursuant to an order of stipulation and Federal Rule of Civil Procedure 41(a)(1)(A)(ii). That action, therefore, cannot work to extend the applicable statute of limitations in this case.[4] Accordingly, the plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted.[5]

---

[4]This Court notes that the plaintiff concedes as much in his response to the defendants' motion.

[5]Finding that the statute of limitations requires that all of the plaintiff's claims be dismissed, this Court does not reach the merits of the defendants' arguments regarding immunity pursuant to the Federal Health Care Quality Improvement Act, 42 U.S.C. § 11101 et seq., and due process of law.

14

V. <u>Conclusion</u>

For the above-stated reasons, the plaintiff John A. King, LLC's motion to dismiss is GRANTED. It is ORDERED that the claims asserted by plaintiff John A. King, LLC be DISMISSED. Furthermore, the defendants' motion to dismiss or, in the alternative, motion for summary judgment, is GRANTED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the remaining plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. 4(a)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    January 15, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE